UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | Case No. 2:93-CR-259 JCM |
|---|---|
| Plaintiff(s), | ORDER |
| v. | |
| RICK LEE ARCHER, | |
| Defendant(s). | |

      Presently before the court is defendant Rick Lee Archer's renewed *pro se* motion for compassionate release. (ECF No. 191). Archer's appointed federal public defender then filed a supplement in support of his motion. (ECF No. 199). The government filed a response (ECF No. 203), to which Archer replied (ECF No. 208). For the reasons stated below, the court GRANTS Archer's request for compassionate release.

**I.     Background**

      Archer's projected release date is in 2038, but he has been incarcerated since at least 1994. (ECF No. 199, at 3; ECF No. 130). In the late 80s to 90s, Archer committed a series of armed robberies and even escaped from prison at least once while serving his sentence on said robberies. (ECF No. 203, at 2; ECF No. 130). He is currently serving a 240-month sentence (consecutive to his prior sentences) for one count of armed robbery and one count of escape. (*Id.*).

      Archer has not had a stellar record while incarcerated. The government provides an exhibit of his various infractions while incarcerated, which includes "disruptive conduct," assaulting without serious injury, possessing unauthorized items, possessing hazardous tools, and possessing a dangerous weapon, amongst other things. (ECF No. 204). This court denied a

**James C. Mahan**
**U.S. District Judge**

previous motion for compassionate release after finding Archer to be a danger to the community, given his past violent and reckless conduct. (ECF No. 185).

In his renewed motion for compassionate release, Archer informs the court that he has not had a write-up in nearly 4 years, has denounced his previous gang affiliations, has been assisting the Bureau of Prisons and Department of Justice in their investigations into prison violence, and is attempting to turn his life around. (*See generally* ECF No. 199). He has also now reached the age of 65 and is experiencing deteriorating health and hopes to be able to lead a life outside of prison with this family. (*Id.*). The government opposes his request but does not dispute that he has exhausted his administrative remedies. (ECF No. 203).

## II. Legal Standard

Under 18 U.S.C. § 3582(c)(1)(A), a court may, in certain circumstances, grant a defendant's motion for compassionate release and reduce his term of incarceration to time served. Before filing such a motion, the defendant must first petition the Bureau of Prisons ("BOP") for compassionate release. *Id.* The court may grant the defendant's motion only if it was filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf" or after 30 days have lapsed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.*

To grant compassionate release, the court must consider whether: (1) "extraordinary and compelling reasons" warrant release; (2) release would be "consistent with applicable policy statements issued by the Sentencing Commission;" and (3) release is warranted under the "particular circumstances of the case" based on the factors outlined in 18 U.S.C. § 3553(a). *United States v. Wright*, 46 F.4th 938, 945 (9th Cir. 2022). "Although a district court must conclude that a defendant satisfies all three predicates before granting a motion for compassionate release, it may deny compassionate release if a defendant fails to satisfy *any* of these grounds." *Id.*

Under the most recent U.S. Sentencing Guidelines amendment, "extraordinary and compelling reasons" include (1) the defendant's medical circumstances; (2) the defendant's age; (3) the defendant's family circumstances; (4) whether the defendant was a victim of abuse while

**James C. Mahan**
**U.S. District Judge**

- 2 -

serving his term of imprisonment; and (5) "other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described above warrant compassionate release." U.S.S.G. 1B1.13(b).

The court need not "provide a lengthy explanation" for its decision on compassionate release so long as "context and the record reflect that [it] considered the defendant's substantive arguments and offered a reasoned basis" for its decision. *Wright*, 46 F.4th, at 950 (citations omitted). Ultimately, the decision to grant or deny compassionate release is within the district court's discretion, but the defendant bears the burden of establishing his eligibility for compassionate release. *Id.* at 951; *United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021).

### III. Discussion

After considering the applicable 18 U.S.C. § 3553(a) factors and Sentencing Commission policy statements, the court finds that extraordinary and compelling reasons warrant compassionate release. Archer asks this court to reduce his sentence to time served because he is almost 65 years old, has served approximately 80% of his sentence (with over 28 years in solitary confinement), is at low risk of reoffending, is not receiving adequate medical care while incarcerated, will have the support of his family upon release, and has denounced his gang associations and provided the BOP and DOJ with valuable information regarding said gang. (ECF No. 199, at 3, 7–8). The government does not deny any of this, but instead argues that these are not "extraordinary and compelling" reasons under the amended Sentencing Guidelines. (ECF No. 203, at 7–9). The court disagrees with the government.

The Sentencing Commission's policy statement provides that extraordinary and compelling reasons exist to grant compassionate release if the defendant is "(A) at least 65 years old; (B) is experiencing a serious deterioration in physical or mental health because of the aging process; and (C) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." U.S.S.G. 1B13(b)(2). There is also a catch-all provision that provides that extraordinary and compelling reasons exist if "any other circumstances or combination of circumstances…when considered by themselves or together with any of the reasons described in

**James C. Mahan**
**U.S. District Judge**

- 3 -

paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." U.S.S.G. 1B.13.(b)(5).

Archer is at least 65, has served approximately 85 percent of his term of imprisonment, and is indeed experiencing deterioration in physical and mental health due to the aging process. He suffers from hypertension, chronic obstructive pulmonary disease, shoulder pain, obesity, a urinary system disorder, prostatic hypertrophy, neuropathy, and anxiety. (ECF No. 199-2). Archer claims he has not been able to see a urologist and is not receiving adequate treatment to address his torn ACL. (ECF No. 188, at 9). The government does not dispute any of this. Rather, it argues that the BOP should be given time to address Archer's medical concerns, and that inadequate medical care is not a proper basis for early release. (ECF No. 203, at 9–10). But the government's argument ignores Section 1B.13.(b)(2) of the Sentencing Guidelines, which clearly indicates that Archer has satisfied his burden of showing an extraordinary and compelling reason for release, due to his advanced age.

Archer has also made a sufficient showing to support a finding of extraordinary and compelling reason under Section 1B.13.(b)'s catch-all provision, which permits the court to consider "any other circumstances or combination of circumstances" together with Archer's advanced age and deteriorating health. Archer informs the court that he has spent over 28 years in solitary confinement and has been moved to a gang "drop-out yard" for denouncing his previous gang affiliations. (ECF No. 199, at 6–8). The decades in solitary confinement have significantly affected his mental health, while being a gang drop-out increases his risk of being attacked while incarcerated. (*Id.*). These reasons, combined with his advanced age, qualify as "extraordinary and compelling reasons" for release under 18 U.S.C. § 3582(c)(1)(A).

The court also finds that compassionate release is warranted under the 18 U.S.C. § 3553(a) factors. The factors include: "the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed; the kinds of sentences available; the kinds of sentence and the sentencing range established in the Guidelines; any pertinent policy statement issued by the Sentencing Commission; the need to avoid unwarranted sentence disparities among defendants with similar records who have been found

**James C. Mahan**
**U.S. District Judge**

guilty of similar conduct; and the need to provide restitution to any victims." *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (en banc) (citing 18 U.S.C. § 3553(a)(1)–(7)).

The BOP has determined that Archer is at low risk of reoffending. (ECF No. 203, at 3). He has not had a prison write-up in around four years and has devoted time and effort to learning how to draw and paint. (ECF No. 199, at 11). Archer has also demonstrated rehabilitation by denouncing his gang affiliations and assisting the BOP and DOJ in investigating gang activity in federal prisons. (ECF No. 199, at 6). This puts him at risk of harm while incarcerated, and the court does not treat his decision to do this lightly. Having already spent decades in prison, and having served approximately 80 percent of his sentence, the court finds that further time in prison will not serve the goals of sentencing or provide any more deterrence than already exists. Archer also informs the court that he currently has two children who are committed to assisting him with reintegrating into society and will provide him with a stable home. (ECF No. 199, at 14). All these reasons support the court's decision to grant Archer's request for compassionate release and reduce his sentence to time served, followed by a term of supervised release as ordered in his original judgment.

## IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Archer's renewed motion for compassionate release (ECF Nos. 191, 199) be, and the same hereby is, GRANTED, in accordance with the foregoing.

DATED April 5, 2024.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**